NOTE: This disposititon is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3126

MATTHEW B. STICKLER,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Keith E. Kendall, Keith Kendall, P.C., of Harrisburg, Pennsylvania, for petitioner.

Steven J. Abelson, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, Deborah A. Bynum, Assistant Director. Of counsel was Michael A. Fleming, Attorney, Office of Counsel, Defense Distribution Center, of New Cumberland, Pennsylvania.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3126

MATTHEW B. STICKLER,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED:  December 6, 2007

_____

Before MICHEL, Chief Judge, PLAGER, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

Matthew B. Stickler petitions for review of the decision by the Merit Systems Protection Board (Board) sustaining his removal by the Department of Defense (agency).  We affirm.

Mr. Stickler was employed as a supply technician at the Defense Distribution Depot in Susquehanna, Pennsylvania, when he submitted several applications for other jobs within the agency.  An investigation revealed that two of the applications contained false information regarding Mr. Stickler's prior work experience and training.  The agency further determined that Mr. Stickler's mother, Donna Stickler, a classification

and staffing specialist at the agency, had entered Mr. Stickler's job applications into the agency's Automated Staffing Program (ASP) computer system.

According to agency investigators who interviewed Mr. Stickler, he told them that he had provided the information to his mother, who then entered the information into the ASP, which Mr. Stickler did not know how to use. After Mr. Stickler told the investigators that he had supplied the information, they gave him a Miranda warning, see Miranda v. Arizona, 384 U.S. 436 (1966), as a precaution. At that point he responded that he did not wish to answer any more questions, and the investigators terminated the interview. The investigators subsequently interviewed Ms. Stickler, whose account, according to the investigators, was consistent with that provided by Mr. Stickler.

Following the investigation, the agency removed Mr. Stickler based on two charges: "falsification based on a qualification and skills analysis" and "falsification based on certifications and training," each with respect to two job applications. Mr. Stickler appealed his removal to the Board. At a hearing before an administrative judge (AJ), Mr. Stickler and his mother, whose employment with the agency terminated as a consequence of the same events, testified to the effect that she, not Mr. Stickler, was responsible for the contents of the job applications.

In an initial decision, the AJ sustained the agency's removal decision.[1] The AJ found the hearing testimony of Stickler and his mother not credible and, relying on the statements they made earlier to investigators as well as the testimony of other agency personnel, found that Stickler knowingly supplied false information with intent to defraud

---

[1] Stickler v. Dep't of Defense, No. PH-0752-06-0061-I-1 (June 2, 2006).

the agency. The AJ's initial decision became the final decision of the Board when the Board denied Mr. Stickler's petition for review.

Our review of a decision by the Board is limited. We must affirm the Board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

On appeal, Mr. Stickler argues that the AJ should not have considered the statements he made to investigators because he had not received <u>Miranda</u> warnings at the time. While Mr. Stickler focuses on whether <u>Miranda</u> is applicable to Board proceedings, we need not decide that issue. As the AJ noted, even if <u>Miranda</u> applies to Board proceedings, <u>Miranda</u> warnings are necessary only in custodial interrogations. Mr. Stickler does not appear to challenge the AJ's finding that he was not subjected to a custodial interrogation, and based on the record we see no error in that finding.

Mr. Stickler argues next that the agency did not carry its burden of presenting evidence necessary to prove the charges against him. To sustain a falsification charge, the agency must prove that the employee knowingly supplied incorrect information with the intent to defraud the agency. <u>Naekel v. Dep't of Transp.</u>, 782 F.2d 975, 977 (Fed. Cir. 1986). Intent can be inferred from circumstantial evidence. <u>Id.</u> at 978. Mr. Stickler does not dispute that his job applications contained inaccurate information, but he contends there is no evidence that he provided that information or that he intended to defraud the agency. To the contrary, the AJ carefully considered all the evidence of record, including testimony from agency personnel and the statements made by Mr. Stickler and his mother to investigators that indicated Mr. Stickler provided the

2007-3126                                    3

information for the job applications. While Mr. Stickler and his mother testified at the hearing that Ms. Stickler was primarily responsible for preparing the applications, the AJ explained in detail why he found their hearing testimony not credible, a determination that is "virtually unreviewable" by this court. See Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Based on our review of the record, we conclude that substantial evidence supports the AJ's finding that the agency proved its falsification charges against Mr. Stickler.

Mr. Stickler further contends that the agency's deciding official, Ms. Blanks, misapplied the Douglas factors when she determined that removal was an appropriate penalty. See Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981). The AJ found that in certain respects Ms. Blanks based her written decision on incorrect information and did not articulate clearly the reasons for her decision. Nevertheless, the AJ noted that Ms. Blanks subsequently testified at the hearing that she would have reached the same decision notwithstanding the errors. On the total record the AJ found that Ms. Blanks considered all the relevant Douglas factors and that the penalty of removal did not exceed the bounds of reasonableness. We find no reversible error in that determination.

We have considered Mr. Stickler's remaining arguments and consider them to be without merit.